**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JONATHAN MAURICIO PAREDES RODRIGUEZ (A No. 240-879-202),

Petitioner,

v.

BLANCHE, et al.,

Respondent.

Case No. 1:26-cv-07342-JLT-FJS

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Jonathan Mauricio Paredes Rodriguez is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. (Doc. 1, ¶ 2; Doc. 9-1 at 1.) In July 2022, Petitioner immigrated to the United States, where he was encountered and apprehended by federal immigration officials. (Doc. 9-1 at 2–3.) On August 19, 2022, Department of Homeland Security issued an I-862 Notice to Appear (NTA) charging Petitioner as removable and then released him on parole pursuant to Alternatives to Detention. (*Id*. at 3.) That NTA was then dismissed on December 3, 2022. (*Id*.) On July 20, 2023, Petitioner filed an I-765 application for employment

authorization, which was approved on August 9, 2023, and valid until August 8, 2025. (*Id*. at 2.) On March 7, 2024, Petitioner filed an I-821 application for temporary protected status, which was approved that same day, and valid until November 21, 2025. (*Id*.) More recently, on May 12, 2025, Petitioner filed an I-589 application for asylum and withholding of removal, which remains pending.[1] (*Id*.; *see* Doc. 1, ¶ 3.) Petitioner has no criminal history and there is no indication in the record that he has violated a term of release. (*See* Doc. 9 at 1; Doc. 9-1 at 3; Doc. 9-5 at 1–4.) Petitioner argues he is not a danger to the community or a flight risk, (Doc. 1, ¶ 12), and Respondents offer no arguments to the contrary. (Doc. 9 at 1.)

On August 25, 2026, Petitioner was arrested by immigration officials while he was out driving. (Doc. 9-1 at 2.) Immigration and Customs Enforcement conducted a field investigation and confirmed that Petitioner was unlawfully present in the United States. (*Id*.) At that time, ICE issued a Notice of Custody Determination indicating that Petitioner would be detained pending a final administrative determination in his case. (Doc. 9-4 at 1.) Petitioner was subsequently transferred to the Central Valley Annex Facility in McFarland, California, where he remains. (Doc. 1, ¶ 10.) On September 7, 2026, DHS issued another I-862 NTA charging Petitioner as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (*See* Doc. 9-2 at 1–4; Doc. 9-3 at 1–2.) Petitioner is not subject to a final order of removal.[2] (Doc. 1, ¶ 5.)

On September 11, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights have been violated.[3] (Doc. 1 at 6–10.) On October 5, 2026, Respondents filed an opposition arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), but

---

[1] Petitioner's wife was granted asylum, and on October 16, 2024, she filed an I-730 Refugee/ Asylee Relative Petition naming Petitioner as a derivative beneficiary. (Doc. 1, ¶ 4.) That petition remains pending with USCIS. (*Id*.)

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information confirms that removal proceedings are ongoing with no removal order in place. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 6, 2026).

[3] Because the Court GRANTS the habeas petition based on Petitioner's Fifth Amendment Due Process Claims, it need not address Petitioner's additional claims. (*See* Doc. 1 at 10–12.)

conceding that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) Petitioner is entitled to a custody redetermination hearing before an Immigration Judge. (Doc. 9.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that his ongoing detention violates his due process rights. (Doc. 1 at 6–10.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 9 at 1.) Courts nationwide, including this one, have rejected Respondents' legal position and found DHS's policy unlawful. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (finding that § 1226(a), not § 1225(b), governs the detention of a similarly situated petitioner); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due

Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

3. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California with a copy of this Order.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 7, 2026

UNITED STATES DISTRICT JUDGE

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.